**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

In re:

MICHAEL KNECHT and                   Case No.: 9:15-bk-09265
ASHLEY KNECHT,                       Chapter 7

       Debtors.
_____/

**DEBTORS' REPLY TO VUAGNIAUX'S RESPONSE
TO DEBTORS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

     COMES NOW the Debtors, Michael Knecht and Ashley R. Knecht (the **"Knechts"**), by and through undersigned counsel, and hereby reply to Creditor Vuagniaux's Response *[Doc. No. 59]* to their motion for partial summary judgment on the issue of willfulness *[Doc. No. 51]*. In reply, the Knechts state the following:

**Argument**

     In its Response, Creditor acknowledges that the facts presented in the Knechts' motion are correct. Creditor then attempts to add facts which bear no relation to the limited issue contained within the Knechts' motion. Given that Creditor does not dispute the facts material to the issue of willfulness under the test promulgated under Eleventh Circuit case law, this Court should simply grant the Knechts' motion for partial summary judgment and find that Creditor's violations were willful, leaving only the issue of damages and appropriate sanctions for trial.

     The test for willfulness under Eleventh Circuit precedent is clear and has been met in this case. In determining whether the contemnor violated the stay, the focus "is not on the subjective beliefs or intent of the contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Hardy*, 97 F.3d at 1390. The test for "willfulness" is decided by simply looking at whether the creditor (1) knew of the discharge, and (2) intended to take the

action that violated the discharge. *Id. citing Jove Eng'g, Inc. v. I.R.S. (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996). Thus, whether a creditor exhibited bad faith in its conduct is not an issue for this Court's consideration in determining "willfulness." *Id.* The Court must look to the actions taken that violated the discharge and ask did the creditor intend to take this action, not did the creditor intend to violate the discharge.

## Conclusion

Rather than respond to the Knechts' most recent motion with an assertion that Creditor did not willfully violate the discharge under the Eleventh Circuit test, Creditor has taken a different approach and attempted to mitigate the potential sanctions because of its reasons behind the violative action taken. This is not surprising as there is clearly no way for Creditor to dispute that the violations were not willful in the Eleventh Circuit. But, Creditor's asserted mitigation issues - many of which the Knechts factually dispute - are not yet before the Court. The limited issue to be decided on the Knechts' motion for partial summary judgment is willfulness only, and, based upon Creditor's Response, there is no material facts in dispute on this issue. Therefore, partial summary judgment should be issued in favor the Knechts, finding that Creditor's violation of the discharge was willful.

WHEREFORE the Knechts pray that this Honorable Court will grant their motion for partial summary judgment on the issue of willfulness.

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Boulevard
Fort Myers, Florida 33919
Phone: (239) 939-0900
www.DellutriLawGroup.com

*/s/ Carmen Dellutri*
Carmen Dellutri, Esq.
FBN: 0044385
CDellutri@DellutriLawGroup.com

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished **electronically via CM/ECF** to all persons receiving electronic notice when filed, including, but not limited to Allan C. Watkins, Esq., and, by U.S. first class mail to Michael and Ashley Knecht, 15518 Caloosa Creek Circle, Fort Myers, Florida 33908, on January 18, 2018.

*/s/ Carmen Dellutri*
Carmen Dellutri, Esq.
FBN: 0044385
CDellutri@DellutriLawGroup.com